IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PATRICK G. ZBUKA, SR., ) | CASE NO. 5:08-cv-1505 |
| ) | |
| Plaintiff, ) | |
| ) | MAGISTRATE JUDGE VECCHIARELLI |
| v. ) | |
| ) | |
| MARATHON ASHLAND PETROLEUM ) | |
| LLC, et al., ) | |
| ) | **MEMORANDUM OPINION** |
| Defendants. ) | DOC. NO. 19 |
| ) | |

This case is before the magistrate judge on consent of the parties. Before the court is the motion of defendant Marathon Ashland Petroleum, LLC ("Marathon") for sanctions against plaintiff, Patrick G. Zbuka, Sr. ("Zbuka"), pursuant to Fed. R. Civ. P. 11 ("R. 11"). Doc. No. 19. Zbuka opposes this motion. Doc. No. 22. For the reasons given below, Marathon's motion is denied.

I.

The court incorporates by reference the recitation of facts of this case in the court's Memorandum Opinion of October 22, 2008 ("Memorandum"). Doc. No. 24. Marathon alleges, and Zbuka does not deny, the following additional facts.

Shortly after receiving the complaint, Marathon's counsel forwarded an e-mail to Zbuka's counsel advising him that Zbuka's claims were barred by the statute of limitations and *res judicata* or collateral estoppel. Zbuka initially responded that he would not

withdraw his claims, but within 24 hours of his initial response he indicated that he would dismiss his claims if they were time barred.  On July 28, 2008, defendant United Steelworkers Union Local 1-450 ("the union") sent Zbuka a copy of the collective bargaining agreement and other materials to support the claim that Zbuka's claims were time barred.  Marathon twice sought and received extensions of the deadline for filing a responsive pleading to the complaint while awaiting a response from Zbuka regarding Marathon's arguments.  On August 21, 2008, Zbuka's counsel told Marathon that he was still trying to reach Zbuka.  Marathon filed its motion to dismiss as required on August 28, 2008.

On September 22, 2008, Marathon served a copy of its motion for sanctions on Zbuka.  The motion as served argued that Zbuka's claims were clearly barred by the statute of limitations and by *res judicata* and that Zbuka's continued pursuit of those claims amounted to frivolous conduct.  On October 14, 2008, Marathon filed its motion for sanctions pursuant to R. 11 against Zbuka and/or Zbuka's counsel.

II.  Sanctions pursuant to R. 11

Marathon seeks sanctions pursuant to R. 11.  Rule 11 provides in relevant part:

(b) **Representations to Court**.  By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . .

   (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

   (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; . . .

**(c) Sanctions.** . . .

-2-

> (2) *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. . . .

Fed. R. Civ. P. 11(b)(2-3) & (c)(2). "[S]anctions under Rule 11 are unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court . . . ." *Ridder v. City of Springfield*, 109 F.3d 288, 299 (6th Cir. 1997).

In the Sixth Circuit, the test for whether sanctions pursuant to R. 11 are warranted is whether the allegedly sanctionable conduct was "reasonable under the circumstances." *Salkil v. Mount Sterling Tp. Police Dept.*, 458 F.3d 520, 528 (6th Cir. 2006) (quoting *Ridder v. City of Springfield,* 109 F.3d 288, 293 (6th Cir. 1997)). A district court has discretion in awarding sanctions, although the court "necessarily abuse[s] its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Salkil*, 458 F.3d at 527-28 (quoting *Cooter & Gell v. Hartmarx Corp.,* U.S. 496 U.S. 384, 405 (1990) (alteration by the quoting court)).

Marathon alleges by way of affidavit, and Zbuka does not deny, that it served the motion for sanctions on Zbuka 21 days before filing the motion with the court. It has, therefore, complied with the "safe harbor" provision of R. 11.

III.

The court incorporates by reference its summary of the law relevant to Zbuka's hybrid § 301 suit in the court's Memorandum. Marathon errs in asserting that Zbuka's claims were clearly barred by the statute of limitations and by *res judicata*. Zbuka's claims

are barred because he failed to exhaust administrative remedies in 2004 when he had standing to do so and because he tried to exhaust administrative remedies only in 2008 when he had no standing to do so.

*A.     Zbuka's claims and the statute of limitations*

The six-month statute of limitations in a hybrid § 301 suit begins to run "when an employee discovers, or should have discovered with exercise of due diligence, acts giving rise to the cause of action." *Wilson v. International Bhd. of Teamsters,* 83 F.3d 747, 757 (6th Cir.1996). Because a hybrid § 301 suit is brought against both the employer and the union, a hybrid § 301 cause of action accrues when the employee discovers or should have discovered (1) a dismissal by the employer in violation of the collective bargaining agreement and (2) a breach by the union of its duty of fair representation in failing to prosecute the employee's claims properly. Only when an employee discovers or should have discovered *both* occurrences does the statutory period begin to run.

Zbuka did not seek an adjustment orally with his foreman within ten work days after Marathon's ultimatum or file a written grievance with the foreman within ten days of the response to his oral complaint, as required to initiate a grievance by § 5, ¶ 3.22(a) and (b) of the collective bargaining agreement. Thus, Zbuka did not initiate a grievance in 2004. He could not have claimed in 2004, therefore, that the union failed to represent him properly in prosecuting his claims because he did not assert any claims at that time. As Zbuka never asked the union to represent him in 2004, there could have been no breach by the union at that time of its duty of fair representation. Without such a breach, the statute of limitations on a civil suit asserting a hybrid § 301 claim is not triggered.

Zbuka's hybrid § 301 suit is barred not by the statute of limitations but by his failure

-4-

timely to exhaust administrative remedies.[1] An employee must exhaust administrative grievance procedures before bringing a hybrid § 301 suit. *Hines v. Anchor Motor Freight*, 424 U.S. 554, 563 (1976); *Republic Steel Corp. v. Maddox*, 379 U.S. 650 (1965). Zbuka should have initiated a grievance when he was first presented with Marathon's ultimatum. Instead, he attempted to exhaust his administrative remedies only in 2008, when he no longer had the standing to do so. Because that attempt was a legal nullity, Zbuka has never initiated a grievance, much less exhausted administrative remedies.

*B.    Zbuka's claims and res judicata*

Marathon argues that Zbuka's hybrid § 301 suit is barred by *res judicata* because the underlying facts necessary to support a claim for breach of the collective bargaining agreement were litigated during Zbuka's ERISA suit and Zbuka should have asserted the claim in the instant case when he litigated his ERISA claim. Marathon errs.

As already described, a hybrid § 301 suit necessarily includes two components: (1) the company violated the bargaining agreement and (2) the union breached its duty of fair representation. Because Zbuka never properly filed a grievance, there has never been any ground for arguing that the union breached its duty of fair representation with respect to a grievance by Zbuka. Consequently, there has never been a time at which Zbuka could have asserted a hybrid claim pursuant to § 301.

Nor could Zbuka have raised a state claim for breach of contract based on an

---

[1] Marathon argues that Zbuka's claims are time-barred by the six-month statute of limitations established in *DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151 (1983), for filing a hybrid § 301 civil action. *See* Motion for Sanctions at 6. Marathon does not assert that Zabuka's claims are time-barred by the deadlines for initiating a grievance at § 5, ¶ 3.22(a) and (b) of the collective bargaining agreement.

alleged breach of the collective bargaining agreement.  Section 301 completely preempts state claims alleging such a breach:

> Section 301, by its terms, governs "[s]uits for violation of contracts between an employer and a labor organization . . . ."  29 U.S.C. § 185(a).  However, the Supreme Court has read section 301 expansively to include individual collective bargaining workers' claims.  *See, e.g., Smith v. Evening News Ass'n,* 371 U.S. 195, 200-01, 83 S.Ct. 267, 270-71, 9 L.Ed.2d 246 (1962).  The Court also has deduced that section 301 "authorizes federal courts to fashion a body of federal law for the enforcement" of CBAs.  *See Textile Workers v. Lincoln Mills,* 353 U.S. 448, 451, 77 S.Ct. 912, 915, 1 L.Ed.2d 972 (1957).  To ensure uniformity in this area of federal law, the Court has further concluded that "'[s]tate law does not exist as an independent source of private rights to enforce collective bargaining contracts.'" *Caterpillar Inc. v. Williams,* 482 U.S. 386, 394, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987).  In this respect, section 301 constitutes an exception to the well-pleaded complaint rule because "the pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.'" *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 23, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983).  "State law is thus 'pre-empted' by § 301 in that only the federal law fashioned by the courts under § 301 governs the interpretation and application of collective-bargaining agreements." *United Steelworkers of America v. Rawson,* 495 U.S. 362, 110 S.Ct. 1904, 1909, 109 L.Ed.2d 362 (1990).

*Fox v. Parker Hannifin Corp.*, 914 F.2d 795, 799 (6th Cir. 1990).  Marathon's argument that the Zbuka's suit was barred by *res judicata* is without merit.

Zbuka's suit is arguably frivolous, given that he failed to exhaust his administrative remedies.  It is not, however, frivolous for the reasons claimed by Marathon.  Marathon's argument that Zbuka should be sanctioned because he failed to withdraw his claims after Marathon argued that his claims were barred by the statute of limitations and *res judicata* is, therefore, without merit.

IV.

For the reasons given above, the court dismisses Marathon's motion for sanctions pursuant to R. 11.

**IT IS SO ORDERED.**


Dated:  October 22, 2008            /s/ Nancy A. Vecchiarelli
                                              Nancy A. Vecchiarelli
                                              United States Magistrate Judge